**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | |
|---|---|
| KAREN AND MICHAEL MARTIN, individually and on behalf of all others similarly situated, | Case No.: 2:22-cv-01346-RJC |
| Plaintiffs, | JUDGE ROBERT J. COLVILLE |
| v. | |
| KEYBANK NATIONAL ASSOCIATION, KEYCORP, and OVERBY-SEAWELL COMPANY, | |
| Defendants. | |

**KEYBANK DEFENDANTS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION TO STAY ACTION PENDING DISPOSITION OF PLAINTIFFS' MOTION
FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

Defendants KeyBank N.A. and KeyCorp ("KeyBank Defendants") hereby respectfully request that this Court stay this action pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on a motion filed by Plaintiffs Karen and Michael Martin ("Plaintiffs') to transfer all related actions to this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re: KeyBank Customer Data Security Breach Litigation*, MDL No. 3056 ("MDL Motion"). The KeyBank Defendants have conferred with Plaintiffs' counsel, who have indicated that Plaintiffs do not oppose the requested relief.

**Procedural Background**

On September 20, 2022, Plaintiffs filed a putative class action complaint (the "Complaint") against the KeyBank Defendants and Defendant Overby-Seawell Co. ("OSC") (collectively "Defendants"). Plaintiffs allege that an unauthorized external party gained remote access to OSC's network and acquired personal information for a number of OSC clients, including certain personal

information of KeyBank customers.  Compl. ¶¶ 2, 38.  Plaintiffs allege that they provided personal and financial information in connection with a mortgage loan originated or serviced by the KeyBank Defendants, and that their information was compromised in the OSC data security incident.  *Id.* ¶¶ 11–15.  Plaintiffs allege that, as a result of the incident, they are at increased risk of fraud and identity theft and lost time and money taking steps to protect themselves from the consequences of the incident.  *Id.* ¶¶ 17, 19, 21, 145–46.  Plaintiffs bring claims for negligence, negligence *per se*, and breach of implied contract.  *Id.* at ¶¶ 158–95.

On September 23, 2022, the KeyBank Defendants were served with the Complaint.  Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), the KeyBank Defendants had until October 14, 2022 to respond to the Complaint.  On October 13, 2022, the KeyBank Defendants filed an Unopposed Motion for Extension of Time to Respond to the Complaint, which was granted by this Court the same day.  Pursuant to that motion and the Court's Order, the KeyBank Defendants' response to the Complaint is now due on November 22, 2022.

In addition to the Complaint in this action, seven other complaints have been filed against OSC and KeyBank in this Court and in the Northern District of Georgia and the Northern District of Ohio raising similar factual allegations and asserting similar claims arising from the alleged OSC data security incident:

- *Bozin, et al. v, KeyBank N.A., et al.*, Case No. 1:22-cv-1536-CEF (N.D. Ohio) (filed 8/30/2022);

- *Samsel v. Overby-Seawell Co., et al.*, Case No. 1:22-cv-03593-SDG (N.D. Ga.) (filed 9/6/2022);

- *Urciuoli, et al. v. KeyBank N.A., et al.*, Case No. 1:22-cv-01598-SO (N.D. Ohio) (filed 9/8/2022);

- *Marlowe v. Overby-Seawell Co.et al.,* Case No. 1:22-cv-03648-SDG (N.D. Ga.) (filed 9/9/2022);

- *Archer, et al. v. Overby-Seawell Co., et al.*, Case No. 1:22-cv-0370-SDG (N.D. Ga.) (filed 9/20/2022);

- *Brouty v. Overby-Seawell Co., et al.*, Case No. 1:22-cv-01885-CEF (N.D. Ohio) (filed 10/19/2022); and

- *Pittman v. KeyBank N.A., et al.*, Case No. 2:22-cv-1513-RJC (W.D. Pa.) (filed 10/26/2022).

On October 18, 2022, Plaintiffs filed the MDL Motion. In the motion responses filed thus far, the parties in the related actions uniformly support consolidation, but advocate variously for transfer to this Court, to the Northern District of Georgia, or to the Northern District of Ohio.

On November 10, 2022, Judge Grimberg entered the following order staying the three actions pending in the Northern District of Georgia:

> The Court has been informed that this case and related cases are under consideration for transfer to an MDL proceeding. With the consent of the parties, the Court STAYS further proceedings in this case pending the MDL determination. The Clerk is DIRECTED to ADMINISTRATIVELY CLOSE this case until further notice."

Pursuant to the briefing schedule set by the JPML, the MDL Motion will be fully briefed by November 15, 2022.

## Law and Discussion

This Court may stay proceedings as part of its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also In re: Maxim Integrated Products, Inc.*, 2013 WL 12141374, at *2 (W.D. Pa. Jan. 4, 2013) (citing *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)). "Courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case." *Clark v. C.R. Bard, Inc.*, 2018 WL 3222642, at *2 (N.D. Ohio July 2, 2018) (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362

(C.D. Cal. 1997) (noting "majority of courts" stay proceedings pending JPML action).  A stay pending the JPML's decision "can increase efficiency and consistency[.]"  Manual for Complex Litigation (Fourth) § 22.35 (2004).

In deciding whether to issue a stay, the Court must weigh "(1) the length of the stay; (2) the balance of harm to the parties; and (3) whether a stay will simplify issues and promote judicial economy."  *Smith v. Life Investors Ins. Co. of America*, 2008 WL 2222325, at *1 (W.D. Pa. May 29, 2008).  All three factors weigh convincingly in favor of a stay here.

***First***, courts have concluded that the length of a stay pending a motion to transfer before the JPML "is relatively short, is easily measurable and is directly tied to a tangible event."  *Id.* (granting stay pending decision of JPML on transfer motion); *see also Am. Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992) (granting stay "until the JPML issues its decision").  Here, briefing on the MDL Motion should be complete by November 15, 2022.

***Second***, a stay will not inflict any undue prejudice on Plaintiffs.  There have been no pretrial proceedings or discovery in this case.  Indeed, Plaintiffs – who do not oppose the requested stay – recently filed their complaint and any pause in the preliminary proceedings should be relatively brief as the JPML decides the MDL Motion.  *See Am. Seafood, Inc.*, 1992 WL 102762, at *1; *Falgoust v. Microsoft Corp.*, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000) (finding no prejudice from "slight delay pending the JPML decision"); *Glazer v. Whirlpool Corp.*, 2008 WL 4534133, at *2 (N.D. Ohio Oct. 6, 2008) (same).  In similar circumstances, courts have found that where only a "limited stay [is] requested, there will not be a great disparity in the balance of harm to the parties."  *Smith*, 2008 WL 2222325, at *1.  This is especially true here, where Plaintiffs themselves filed the MDL Motion in order to maximize efficiencies in discovery and motion

practice.

  ***Finally***, without a stay, there may be wasteful and duplicative pre-trial proceedings because any efforts on behalf of this Court concerning case management may need to be replicated if another judge is assigned to handle the consolidated litigation. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360-61 (C.D. Cal. 1997); *Miley v. Bristol-Myers Squibb Co.*, 2016 WL 4257596, at *1 (D. Minn. July 8, 2016) ("[C]onservation of judicial resources is best served by allowing the JPML the time to determine whether this action should be part of an MDL."); *see also Am. Seafood, Inc.*, 1992 WL 102762, at *2 ("If this Court were not to stay the proceedings in these two cases . . . . the defendants may be forced to prosecute or defend similar motions twice and . . . [t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay."); *Smith*, 2008 WL 2222325, at *1 ("[A] failure to grant a stay would contradict the principles underlying multi-district litigation."). In short, without a stay, this Court's "time, energy, and acquired knowledge regarding this action and its pretrial procedures" may be wasted. *See U.S. Bank v. Royal Indem. Co.*, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002). Even if the other actions are transferred to this Court, a stay will best serve the interests of judicial economy by facilitating streamlined proceedings once all actions have been consolidated.

**Conclusion**

Based on the foregoing, the KeyBank Defendants respectfully request that this Court stay all proceedings in this action until the JPML has ruled on the MDL Motion.

Dated: November 14, 2022                    Respectfully submitted,

                                            BAKER & HOSTETLER LLP

                                            s/ Robert P. Leeson
                                            Robert P. Leeson
                                            PA Bar No. 327525
                                            Edward J. McAndrew (admission pending)
                                            PA Bar No. 77103
                                            1735 Market Street
                                            Suite 3300
                                            Philadelphia, PA 19103
                                            Telephone: (215) 568-3100
                                            Facsimile: (215) 568-3439
                                            rleeson@bakerlaw.com
                                            emcandrew@bakerlaw.com

                                            *Counsel for Defendants KeyBank N.A. and KeyCorp*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2022, the foregoing was filed with the Clerk of the Court using CM/ECF, which will send notice to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

s/ Robert P. Leeson

Robert P. Leeson

*Counsel for Defendants KeyBank N.A. and KeyCorp*
